United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BESSIRE and GERALDINE BESSIRE,<br><br>        Plaintiffs,<br>v.<br><br>ASBESTOS DEFENDANTS (B♣P), et al.,<br><br>        Defendants.<br><br>UNION CARBIDE CORPORATION,<br><br>        Removing Defendant. | No. C 07-1563 SBA<br><br>**ORDER**<br>[Docket No. 12] |

Currently before the Court is Plaintiffs' Motion to Remand [Docket No. 12]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Plaintiffs' Motion for Remand [Docket No. 12].

**BACKGROUND**

On March 22, 2006, Plaintiffs Jack and Geraldine Bessire ("Plaintiffs") filed a complaint in the Superior Court of California for the City and County of San Francisco against a number of defendants alleging injuries from exposure to asbestos and asbestos-containing products. Mot. to Remand at 1:11-14. The claim against removing Defendant Union Carbide ("Defendant") alleges that Plaintiff Jack Bessire was para-occupationally exposed to asbestos when he handled the dirty work clothes of his father, who worked at a mine owned by Defendant in Rifle, Colorado. Noddin Decl., Exhibit A at 5:10-21. Defendant was served with the summons and complaint on April 4, 2006. Mot. to Remand at 1:13-14.

Plaintiffs propounded discovery to Defendants which included requests for admissions that asbestos was contained in the vanadium and uranium ore tailings from Defendant's mine. Opp'n at 4:15-17. These requests for admissions were deemed admitted on December 26, 2006. *Id*. at 4:18.

On March 23, 2007, Defendant removed the matter to federal court based on concerns about potential allegations of injuries related to nuclear materials at its plant. *Id*. at 4:23-25. Removal was grounded in the Price-Anderson Act, which provides original federal court jurisdiction for actions arising out of a "nuclear incident." 42 U.S.C. § 2210(n)(2).

## **LEGAL STANDARD**

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

The Price-Anderson Act provides that the United States district court has original jurisdiction over an action "arising out of or resulting from a nuclear incident." 42 U.S.C. § 2210(n)(2). The Act continues:

> Upon motion of the defendant...any such action pending in any State court....or United States district court shall be removed or transferred to the United States district court having venue under this subsection...In any action that is or becomes removable pursuant to this paragraph, a petition for removal shall be filed within the period provided in section 1446 of title 28, United States Code...

*Id*.

Section 1446 of title 28 provides that notice of removal must be filed within thirty days of defendant's receipt of the initial pleading, or if the initial pleading is not required to be served on defendant, then within thirty days after the service of summons upon defendant, whichever period is shorter. 28 U.S.C. § 1446(b). The statute continues:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

*Id*.

2

The federal removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The burden of establishing jurisdiction rests with the party effecting the removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## **ANALYSIS**

Plaintiffs seek remand arguing that Defendant's removal was untimely. Mot. to Remand 2:1-3. Defendant Union Carbide opposes remand, or alternatively, argues for dismissal, on the grounds that no viable state court claim exists because the claim arises out of a "nuclear incident" over which federal courts have original jurisdiction. Opp'n at 2:1-2. At this time Plaintiffs seek remand on procedural grounds only, and do not concede that the action arises out of a "nuclear incident"or is removable. Mot. to Remand at 2:26-28.

It is clear that Defendant's removal was untimely. A timely motion for removal under the Price-Anderson Act would have been "filed within the period provided in section 1446 of Title 28..." 42 U.S.C. § 2210(n)(2). The applicable portion of section 1446 of Title 28 provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

28 U.S.C. § 1446(b).

On April 4, 2006, Defendant was served with the summons and initial complaint. Mot. to Remand at 1:13-14. On December 26, 2006, Defendant claims it first became aware of the basis for removal after Plaintiffs' requests for admissions, which inquired whether asbestos was contained in vanadium and uranium ore tailings from Defendant's mine, were deemed admitted. Notice of Removal at 2:15-17, Opp'n at 4:15-17. The thirty day clock started on this date, but Defendant's Notice of Removal was served to Plaintiffs on March 19, 2007. Mot. to Remand at 1:20-21. The motion for removal was therefore untimely, and based on this defect alone, this court should grant remand pursuant to 28 U.S.C. § 1447 (1988).

However, Defendants argue that because this is a "nuclear incident" case over which federal

courts have original jurisdiction, no state court claim exists and remand is therefore futile. Opp'n at 7:25-8:3. Defendant offers no legal authority for the Court to find remand futile and waive the procedural defect. For a court to dismiss a removed action because of some absolute bar to further proceedings in state court, there must be "absolute certainty" that remand to state court would be futile. *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (remand futile because the state court would have dismissed Plaintiff's action for his fatal failure to comply with the bond posting requirement of the state election statute, which provided Plaintiff's only state cause of action). Here there is no such certainty.

Moreover, it is not as clear, as Defendant contends, that this is a "nuclear incident" case. Defendant points to no asbestos cases that were properly removed under Price-Anderson because of tangential allegations involving uranium. However, Defendant does point to one uranium case involving para-occupational exposures to uranium dust where removal was proper under Price-Anderson. Opp'n at 6:4-11; *see Acuna, et al., v. Brown & Root, et al.,* 200 F.3d 335, 338 (5th Cir. 2000). In *Acuna*, over 1600 plaintiffs brought suit in Texas state court against over 100 overlapping defendants for injuries spanning forty years. *Id*. at 340. All alleged injuries related to uranium exposure. *Id*. at 337. The circumstances of individual plaintiffs varied widely: some plaintiffs worked in uranium mines and processing plants, while others alleged para-occupational exposures to "radiation or uranium dust or tailings through contact with family members who worked in the mines or through environmental factors such as wind and groundwater." *Id*. at 338. The cases were timely removed to district court under Price-Anderson and then dismissed for plaintiffs' failure to meet the specificity requirements of pre-discovery scheduling orders. *Id*. at 338. On review, the court in *Acuna* found that removal was proper because "uranium extraction and processing are part of the nuclear weapons and power industries." *Id*. at 340. The court also found that the district court's order to dismiss was not an abuse of its discretion. *Id*. at 340-41.

Unlike *Acuna*, where it was clear that all alleged injuries were linked to uranium and no other substance, in the instant case the salient linkage to uranium is less clear. *Id*. at 337-38. Here the alleged injuries involve asbestos, which in turn might have been contained in ordinary "dust and dried mud,"

4

or in vanadium and uranium tailings. Opp'n at 3:25-4:17. Thus, it is not clear that the source of the alleged asbestos-related injury is uranium, and unlike *Acuna*, the relationship of this case to uranium is attenuated. Without absolute certainty that this is a "nuclear incident" case that should be removed under Price-Anderson, a viable state claim may still exist, and remand for untimeliness cannot be said to be futile.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiffs' motion to remand this action to the Superior Court of the State of California, City and County of San Francisco pursuant to 28 U.S.C. § 1447 [Docket No. 12] is GRANTED. This case is REMANDED to the Superior Court of the State of California, County of San Francisco. The clerk is directed to terminate any pending matters and to close the file.

IT IS SO ORDERED.

Dated: 6/12/07

SAUNDRA BROWN ARMSTRONG
United States District Judge

5